

Sanmathi Dev
856.380.6709
sdev@capehart.com
Fax: 856.235.2786

July 16, 2018

<u>Via ECF</u>

Honorable Renee Marie Bumb, U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re:   Board of Trustees of the International Academy of Atlantic City Charter School v. SABIS Educational Systems, Inc., et al.
Civil Action No.: 1:18-cv-11474-RMB-JS
Our File No. 04910-31842

## REQUEST FOR PRE-MOTION CONFERENCE

Dear Judge Bumb:

This firm represents Defendants, SABIS Educational Systems, Inc., Springfield Education Management LLC, Carl Bistany, Lynn Spampinato (improperly named as Spamimato), Jose Afonso (improperly named as Alfonso), and Anna Dosen, in the above-referenced case. Pursuant to Your Honor's Rules and Procedures, please accept this correspondence as Defendants' request for a pre-motion conference. Defendants intend to file a motion to dismiss the Complaint in its entirety and compel arbitration. Defendants' reasons for the anticipated motion are set forth below.

### I.   THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF AGREED TO ARBITRATION.

When it is apparent, based on the face of a Complaint and documents relied upon in the Complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. <u>Guidotti v. Legal Helpers Debt Resolution, L.L.C.</u>, 716 F.3d 764 (3d Cir. 2013). Here, based on the Education Service Provider Agreement ("Agreement") referenced and attached to Plaintiff's Complaint as Exhibit A, Plaintiff agreed to arbitrate matters related to termination for cause due to an alleged material breach, and thus arbitration must be enforced. (See Sections 4.2.1 and 8.2.1 of the Agreement).

Arbitration provisions in contracts are encouraged, valid and enforceable under federal law, particularly with two sophisticated corporate entities with equal bargaining power and with the assistance of counsel. <u>See</u> Federal Arbitration Act, 9 U.S.C.A. Sections 1-16; <u>See also</u> <u>Salvadori v. Option One Mortgage Corp.</u>, 420 F.Supp.2d 349 (D.N.J. 2006); <u>Rockel v. Cherry Hill Dodge</u>, 368 N.J. Super. 577 (App. Div.), certif. denied, 181 N.J. 545 (2004); <u>Martindale v. Sandvik, Inc.</u>, 173 N.J. 76, 84-85 (2002); <u>Gras v. Associates First Capital Corp.</u>, 346 N.J. Super. 42 (App. Div. 2001), certif. denied, 171 N.J. 445 (2002); <u>Muhammad v. County Bank of Rehoboth Beach Delaware</u>, 189 N.J. 1 (2006), cert. denied, 127 S.Ct. 2032 (2007); <u>S. Broward Hosp. Dist. v. MedQuist, Inc.</u>, 516 F. Supp.2d 370, 381 (D.N.J.), aff'd, 258 Fed. Appx.

466 (3d Cir. 2007); Great Western Mortg. Corp. v. Peacock, 110 F.3d 222, 233 (3d Cir.), cert. denied, 522 U.S. 915 (1997).

Further, the federal policy favoring arbitration is addressed by the New Jersey Supreme Court in Martindale. Plaintiff cannot overcome the strong presumption favoring arbitration. Plaintiff's reliance on Morgan vs. Sanford Brown Institute, 225 N.J. 289 (2016) is without merit, as the contracts contemplated in that case differ from the Agreement entered into by Plaintiff.

II.     THE COMPLAINT MUST BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT PROCESS, AND INSUFFICIENT SERVICE OF PROCESS.

Plaintiff failed to properly effectuate service of process of the Summons and Complaint with respect to individual Defendants under both the State of New Jersey Rules of Court and the Federal Rules of Civil Procedure, and thus this Court lacks personal jurisdiction over them. Defendants rely upon N.J. Ct. Rule 4:4-4, for service of process outside of the State of New Jersey, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(4) for insufficient process, and Fed. R. Civ. P. 12(b)(5) for insufficient services of process. More specifically, on June 27, 2018, Plaintiff forwarded copies of the Summons and Complaint to each of the individual Defendants at SABIS Educational Systems, Inc. and Springfield Education Management LLC's principal place of business located at 6385 Beach Road, Eden Prairie, Minnesota 55344. Notably, Plaintiff fails to even allege in the Complaint the addresses of the individual Defendants. Assuming *arguendo* that the Minnesota address is correct for the individuals Defendants, Plaintiff still failed to comply with the requirements of R. 4:4-4(1)(A) and Fed. R. Civ. P. 4(e)(1) by failing to personally serve them by a public official who had authority to serve civil process in the State of Minnesota. Either a public official with authority to serve in Minnesota or a person qualified to practice law in Minnesota would have had to have served these individuals. As neither of these two methods of service occurred with respect to these individual Defendants as required, service of process is defective.

III.    COUNTS THREE THROUGH TEN OF THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND/OR FAILS TO PLEAD WITH PARTICULARITY.

Plaintiff fails to allege with specificity the actions of each Defendant, particularly the individual Defendants. Rather, Plaintiff uses the term "Defendants" as a blanket catch-all. Plaintiff offers no background whatsoever regarding each Defendant, including but not limited to their addresses, their relationships with Plaintiff, and most importantly, their conduct and how such conduct is actionable under the law.

Count Three alleging negligence must be dismissed because a tort remedy cannot arise from a contractual relationship and there exists no independent duty imposed by law. Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002) and Campbell Soup Supply Co. LLC v. Protenergy Natural Foods Corp., 2016 U.S. Dist. LEXIS 167168, No. 16-684 (D.N.J. Dec. 2, 2016). Plaintiff's claim of negligence cannot move forward because it is rooted in breach of contract. None of the factual allegations upon which Plaintiff relies for its negligence claim allege that Defendants failed to meet an independent duty imposed by law.

Count Four alleging violation of the New Jersey Consumer Fraud Act ("CFA") must be dismissed because Plaintiff fails to plead with particularity. Wells Fargo Bank, N.A. v. Bennett, 2016 WL 3909529

July 16, 2018
Page 3

(N.J. Super. App. Div. 2016). Moreover, the goods and services supplied to Plaintiff does not fall within the meaning of "merchandise" under the CFA. Papergraphics Intern., Inc., v. Correa, 389 N.J. Super. 8 (App. Div. 2006), Princeton Healthcare Sys. v. Netsmart New York, Inc., 422 N.J. Super. 467 (App. Div. 2011), Cox v. Sears Roebuck & Co., 138 N.J. 2 (1994), Finderne Mgmt. Co., v. Barrett, 402 N.J. Super. 546 (App. Div. 2008) and City of Atl. City v. Zemurray St. Capital, LLC, 192 F. Supp. 3d 563 (D.N.J. 2016). Defendant Springfield Education Management, LLC is an education management organization that provides educational management services to schools. These services are not the type of "merchandise" that is typically sold to the general public. Instead, the services offered by Defendant Springfield Education Management, LLC are the product of a negotiated contract between two sophisticated entities who were represented by counsel, which do not fall under the CFA.

The following Counts also fail in that Plaintiff has not properly pled the necessary elements of a cause of action nor set forth with particularity the conduct of each Defendant: **Count Five** alleging common law fraud (Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)); **Count Six** alleging breach of the covenant of good faith and fair dealing (Creative Concepts Manu. Ltd. v. Team Beans LLC, 2018 U.S. Dist. LEXIS 71981, No. 3:17-cv-6066-BRM-DEA (D.N.J. Apr. 30, 2018) (citing Wade v. Kessler Institute, 343 N.J. Super. 338 (App. Div. 2001)); **Count Seven** alleging tortious interference with prospective economic advantage (Harper-Lawrence, Inc. v. United Merchants and Manus., Inc., 261 N.J. Super. 554 (App. Div. 1993)); **Count Eight** alleging unjust enrichment (failure to plead with particularity how "it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Wilson v. Deutsche Bank Nat'l Trust Co., 2014 N.J. Super. Unpub. LEXIS 996, No. A-3327-12T3 (App. Div. May 2, 2014) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539 (1994)); and **Count Nine** alleging breach of fiduciary duties (failure to plead how the relationship, if any, between Plaintiff and each of the Defendants creates any fiduciary duties, Encyclopedia of New Jersey Causes of Action F-14 (LexisNexis 2018)); and **Count Ten** alleging a claim for reimbursement of fees and expenses paid to Defendants.

                                                    Respectfully submitted,

                                                    CAPEHART & SCATCHARD, P.A.

                                                    */s/ Sanmathi Dev*

                                                    Sanmathi Dev

                                                    */s/ Joseph F. Betley*

                                                    Joseph F. Betley

5995975
cc:     Louis Niedelman, Esq. (*via ECF*)